## HUGHEY v. PEACOCK.

1. A judgment, founded upon a promissory note given for a valid debt and with a general waiver of homestead and exemption, may be enforced against a homestead subsequently set apart to the maker of the note as head of a family.
2. A renewal of the note between the same parties and for the same consideration, with no new security and containing the same waiver, relates back to the original note and continues the waiver in force, although the renewal may have been made after the homestead had been set apart.
3. Where judgment is obtained on these notes and the execution thereon is levied upon some of the homestead property, the head of the family may settle the claim, without an order of court, by selling the property levied upon to the plaintiff in fi. fa. at a fair valuation in payment of the debt.

Submitted May 1, — Decided June 10, 1902.

Trover. Before Judge Butt. Marion superior court. August 1, 1901.

*J. J. Dunham* and *J. H. Lumpkin*, for plaintiff.
*Simeon Blue* and *T. B. Rainey*, for defendant.

SIMMONS, C. J. It appears that Hughey owed Peacock. For this debt he, in 1892, gave his promissory note, containing a waiver of homestead and exemption. In 1894 Hughey had set apart to himself as head of a family a homestead and exemption, without notice to Peacock. In 1897 he renewed his note by giving three promissory notes to the same party, for the same aggregate amount and upon the same consideration, with no additional security, and

containing the same waiver. These renewal notes were sued to judgment and the execution levied upon the property now in controversy, the same being part of that set apart to Hughey as a homestead and exemption. Before the day of sale the parties entered into a settlement whereby Hughey sold and delivered to Peacock the property in dispute and made a bill of sale to the same, the value of the property being not more than the amount of the notes. This was done in extinguishment of the judgment and execution. By some mistake of the constable who had made the levy, Hughey obtained possession of some of the property. Peacock subsequently retook possession, and Hughey brought an action of trover to recover it. The jury found for the defendant. The plaintiff moved for a new trial. The motion was overruled, and he excepted.

1, 2. The court did not err in refusing a new trial for any of the reasons assigned in the motion therefor. When one owes a valid and binding debt and gives therefor a promissory note containing a waiver of homestead and exemption, a homestead subsequently set apart to him and his family is, so far as this note is concerned, a nullity. The constitution of this State allows such a waiver except as to wearing apparel and a few other articles, and a note containing a waiver may be enforced against property subsequently set apart. If the homestead is set apart after the execution of the waiver note, and then, after the homestead has been set apart, the head of the family renews the note by giving several renewal notes to the same payee, aggregating the same amount, with no additional security and containing the same waiver, this does not amount to a novation of the contract, and the waivers in the renewal notes relate back to the time of the execution of the original note. The renewal notes may, therefore, be enforced against the homestead property just as the original note could have been. It is the same debt and, in law, the same waiver. If the renewal notes are sued to judgment, an execution thereon may be levied upon any property belonging to the maker, and enforced against such property, even though it be part of the homestead which he has obtained.

3. After the levy has been made, the parties may enter into a settlement whereby the maker (the head of the family), without an order of court, sells and delivers to the creditor a part of the

homestead property at a fair valuation to extinguish the execution. As against this execution there is no homestead. The property is subject to it. The law will authorize the head of the family to do an act voluntarily when, if he refused, it would compel him to do the same act. In other words the law will permit him to sell the property in payment of the execution, when, in the absence of such settlement, the law would itself sell the property to pay off the execution. Hughey had, therefore, no right to recover from Peacock the property sued for.

There were other questions made in the motion for new trial, relative to charges of the court and the admission of evidence; but it is unnecessary to discuss them, as the principles above announced control the case, and the questions referred to, except in so far as they are decided by what has been said above, could not affect the result.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*